**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael DRAKE, Defendant–Appellant.**

**No. 07–50045.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Anne Gannon, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Michael Drake appeals from the sentence imposed following his guilty-plea conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Drake contends that the condition of supervised release requiring him to submit to Abel testing is invalid because the district court failed to make heightened findings supporting the condition, and because the condition is not reasonably related to the goals of supervised release. These contentions are foreclosed. *See United States v. Stoterau,* 524 F.3d 988, 1005–07 (9th Cir.2008).

Drake further contends that the condition of supervised release requiring him to submit to polygraph testing violates his Fifth and Sixth Amendment rights. These contentions are also foreclosed. *See id.* at 1003–04.

Drake contends that the condition of supervised release prohibiting him from possessing any materials depicting or describing "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), violates his First Amendment rights and is impermissibly vague and overly broad. This contention is foreclosed. *See United States v. Rearden,* 349 F.3d 608, 620 (9th Cir.2003).

As the parties agree, the record discloses that the district court chose to strike the supervised release condition relating to weapons possession during its oral pronouncement of the sentence. We therefore remand to the district court with instructions to correct the judgment to exclude this condition. *See United States v. Hicks,* 997 F.2d 594, 597 (9th Cir.1993).

**AFFIRMED; REMANDED to correct judgment.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

